### SAMUEL SCOVILL *vs.* GRAHAM A. ROOT.

An officer who, in returning an attachment of fifty tons of pig iron, certified that he could not remove it on account of its weight and bulk, and thereupon posted the notice and deposited the copy required by Rev. Sts. *c.* 90, § 33, and did not take the iron into his actual custody, is not responsible, in the absence of any evidence to show that he might have immediately removed it, if without his consent or knowledge it is afterwards taken away so that it cannot be found to be taken on execution.

TORT against the sheriff of Berkshire for the default of his deputy. At the trial in the superior court, before *Vose,* J., a verdict was returned for the defendant by direction of the judge, upon facts which are sufficiently stated in the opinion, and the case was reported for the determination of this court.

*I. Sumner & M. Wilcox,* for the plaintiff.

*H. L. Dawes & T. P. Pingree, Jr.,* for the defendant.

CHAPMAN, J. The tort which is alleged against the defendant's deputy is, that he failed to keep or retain in his custody certain property which he had attached on a writ in favor of the plaintiff against Kinsley & Palmer. The return of the deputy, so far as it relates to the property in question, is as follows: "And also on the same day I attached fifty tons of pig iron, the property of the within named Lyman Kinsley and Mason S. Palmer, being in the furnace in the town of Lanesborough in said county, which on account of the weight and bulk thereof I could not remove. I posted a notice of said attachment upon said iron, and I made an attested copy of this writ, without the

declaration, with my return thereon so far as relates to the attachment of the iron, and deposited the same with the town clerk of said Lanesborough."

The plaintiff was permitted to testify that he delivered the writ to the deputy, went with him to the furnace and saw him attach the pig iron and mark it, and told him he wanted him to be very particular in doing the business, and in his custody of the property ; and that from what he knew of Palmer he was afraid Palmer would get the iron away from him. It was conceded that the iron had been taken by the Briggs Iron Company, under a claim of right. This was all the evidence which related to the attachment and custody of the property.

The plaintiff contends that the property does not belong to the class mentioned in Rev. Sts. *c.* 90, § 33, namely, " articles of personal estate which, by reason of their bulk or other cause, cannot be immediately removed," and therefore that the attachment of it by the deputy in the manner prescribed by that and the next section, and leaving it in the furnace where it was found, was insufficient. The purpose and meaning of the statute have been discussed in *Hubbell* v. *Root*, 2 Allen, 185, and *Polley* v. *Lenox Iron Works*, 4 Allen, 329, and the cases there cited.

If the statute applies to such property as cord wood and charcoal piled up, millstones, logs, timber and wood, hewn stones, and hay in a barn, the court cannot judicially see that it does not apply to fifty tons of pig iron stored in a foundery. The plaintiff offered no evidence tending to show that the iron was not such property as, by reason of its bulk or other cause, could not be immediately removed, and the officer's return as to that matter must be taken as true. Indeed, the plaintiff's declaration does not allege that the return is false, but alleges mere neglect to keep the property after it was attached. But if the mode of attachment was proper, no subsequent neglect is proved on the part of the deputy such as is suggested in *Hubbell* v. *Root*, *ubi supra*, by reason of which he might become liable.

*Judgment on the verdict.*